IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| DALTON BISSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: |
| AG-PRO COMPANIES, LLC, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

COMES NOW the Plaintiff, DALTON BISSEY ("PLAINTIFF"), and files this Complaint against DEFENDANT, AG-PRO COMPANIES, LLC ("DEFENDANT"), respectfully stating unto the Court the following:

**GENERAL ALLEGATIONS**

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violation of the Fair Labor Standards Act ("FLSA") and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Georgia corporation that operated a store in Crystal River, Florida and PLAINTIFF performed work for DEFENDANT in Crystal River, Florida.

**BACKGROUND**

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

...

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

10. In or around September 2019, DEFENDANT hired PLAINTIFF to work as a salesman and agreed to pay him a salary of $22,000 per year plus commissions. PLAINTIFF continued in that capacity until he separated from DEFENDANT in or around January 2022.

11. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked.

12. PLAINTIFF performed work for DEFENDANT in January 2022, for which he did not receive compensation.

13. DEFENDANT told PLAINTIFF he was not going to be paid his final check or receive commissions DEFENDANT owed PLAINTIFF because an individual to whom

PLAINTIFF sold a Blue Diamond stump grinder used a fraudulent credit card to purchase the stump grinder.

14. PLAINTIFF estimates that the stump grinder cost DEFENDANT $11,000 and although DEFENDANT should have insurance to cover credit card fraud, DEFENDANT told PLAINTIFF it was going to withhold PLAINTIFF'S commissions in the amount of approximately $9,000 and last three weeks of pay from his $22,000 per year salary.

15. Upon information and belief, DEFENDANT has willingly, deliberately and intentionally refused to pay PLAINTIFF for the last three weeks he worked.

16. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate rate by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

18. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

19. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

20. PLAINTIFF, at all relevant times was an employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which he did not receive compensation.

21. During his employment with DEFENDANT, PLAINTIFF performed work for which

he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the minimum wage provisions of the Fair Labor Standards Act by not paying PLAINTIFF for his last three weeks of work.

22. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

23. DEFENDANT'S failure to compensate PLAINTIFF for his time worked violates the minimum wage provisions of the FLSA and the regulations thereunder.

24. DEFENDANT'S failure to compensate PLAINTIFF for his time worked was a willful and knowing violation of the Act.

25. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

26. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF at a rate of minimum wage, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

27. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

28. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

29. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid a salary of $22,000 per year plus commissions.

30. PLAINTIFF performed as agreed pursuant to his agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF for the last three weeks he worked and by not paying PLAINTIFF his commissions.

31. As a result of DEFENDANT'S failure to pay PLAINTIFF properly, he has suffered delay in receipt of his wages and has been required to retain an attorney to help get his pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages and commissions, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S breach of

contract; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated:  February 15, 2022

>Respectfully submitted,
>
>**THE LAW OFFICE OF MATTHEW BIRK**
>
>**/s/ Matthew W. Birk**
>**Matthew W. Birk**
>Florida Bar No.:  92265
>309 NE 1st Street
>Gainesville, FL  32601
>(352) 244-2069
>(352) 372-3464 FAX
>mbirk@gainesvilleemploymentlaw.com
>ATTORNEYS FOR PLAINTIFF