UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DALTON BISSEY,

    Plaintiff,

v.                                        Case No. 5:22-cv-00092-GAP-PRL

AG-PRO COMPANIES, LLC,

    Defendant.
_____/

**DEFENDANT'S AMENDED[1] MOTION TO DETERMINE ENTITLEMENT TO ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW**

Defendant, AG-PRO COMPANIES, LLC, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 7.01(b), moves this Court to enter an Order finding that Defendant is entitled to its attorneys' fees as the prevailing party on Count I of Plaintiff's Complaint. In support of its motion, Defendant states as follows:

**INTRODUCTION**

1.    Although Plaintiff knew or should have known, **prior to the filing of his Complaint and at all times thereafter,** that Defendant had paid him all minimum wage to which he was entitled under the Fair Labor Standards Act, Plaintiff nevertheless instituted this action asserting a frivolous claim for alleged, unpaid minimum wage and unreasonably multiplied the litigation, resulting in Defendant needlessly incurring substantial attorney's fees in defense.

---

[1] Pursuant to Local Rule 3.01(g)(3), this Amended Motion is hereby filed only to supplement the prior Local Rule 3.01(g) certification of counsel.

FP 44699835.1

2. Although Defendant made repeated demand upon Plaintiff to dismiss his FLSA claim throughout the litigation, it was only after Defendant prepared and served upon Plaintiff a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 that Plaintiff finally dismissed his claim.

3. Plaintiff initiated the litigation of his FLSA claim in bad faith. Plaintiff perpetuated the litigation of his FLSA claim in bad faith. Consequently, it is just and proper for this Court to enter an Order finding that Defendant is entitled its reasonable attorneys' fees on Count I of Plaintiff's Complaint.

## STATEMENT OF FACTS IN SUPPORT OF MOTION

4. On February 15, 2022, Plaintiff filed his Complaint [Doc. 1] against Defendant alleging two counts – Count I Alleged Violation of the Fair Labor Standards Act and Count II – Alleged Breach of Contract. As pled in his Complaint, Plaintiff's alleged basis for the claimed FLSA violation was that, "Defendant violated the minimum wage provisions of the Fair Labor Standards Act by not paying Plaintiff for his last three weeks of work." [Doc. 1, Para. 21].

5. On March 22, 2022, the Court entered its FLSA Scheduling Order [Doc. 10]. On April 25, 2022, in accordance with the FLSA Scheduling Order, Defendant produced to Plaintiff all relevant time sheets and payroll records in Defendant's possession, custody, or control (Defendant's Production 0001-0006). True and correct copies of these time sheets and payroll records are attached as Exhibit 1 to the Declaration of Tammy Renfroe, which is attached hereto to Exhibit A and incorporated by reference as if set forth fully herein.

6. Contrary to Plaintiff's allegations, the payroll records provided to Plaintiff confirmed that Defendant had paid Plaintiff minimum wage for all time worked in the three weeks before Plaintiff's employment was terminated on January 18, 2022. Moreover, Defendant had paid Plaintiff at least minimum wage for all hours worked in this period more than a week before Plaintiff and his counsel filed the Complaint. The specific calculations proving that Plaintiff was paid all minimum wage required are as follows:

   A. For the pay period of December 27, 2021 to January 9, 2022, Plaintiff worked 60 hours. Plaintiff also utilized 8 hours of holiday pay and 12 hours of PTO pay. Thus, Plaintiff's paystub reflects the gross pay of $846.15, which is calculated by multiplying the amount of 80 hours x the hourly rate of $10.57. After necessary withholdings ($138.30), Defendant direct deposited the amount of $707.85 into Plaintiff's checking account on January 13, 2022 – which was more than a month before Plaintiff filed his Complaint on February 15, 2022. Defendant thus paid Plaintiff in excess of the federal minimum wage of $7.25 for all hours worked for the pay period of December 27, 2021 to January 9, 2022. [See Ex. A, Dec. of Renfroe at Para. 3].

   B. For the pay period of January 10, 2022 to January 23, 2022, Plaintiff worked 56 hours. Plaintiff's paystubs reflect the gross pay of $592.30, which is calculated by multiplying the amount of 56 hours x the hourly rate of $10.57. After necessary withholdings ($88.41), Defendant paid

Plaintiff the amount of $503.89 via two paper checks. Defendant mailed Check No. 6087 in the amount of $432.39 to Plaintiff on February 3, 2022 – which was nearly two-weeks before Plaintiff filed his Complaint. Defendant mailed Check No. 6140 in the amount of $71.50 to Plaintiff on February 24, 2022 – which was before Defendant was served with the Complaint on February 28, 2022 and before Defendant otherwise had any knowledge of same.[2] Defendant therefore also paid Plaintiff in excess of the federal minimum wage of $7.25 for all hours worked for the pay period of January 10, 2022 to January 23, 2022. [See Ex. A, Dec. of Renfroe at 4].

7. On May 2, 2022, in accordance with the FLSA Scheduling Order, Plaintiff filed his Answers to Court Interrogatories under oath or penalty of perjury. [Doc. 14].

8. Court Interrogatory No. 6 asked Plaintiff, "What is the nature of your claim (check all that apply)?" Plaintiff answered, "Other. Plaintiff did not receive his final paychecks and commissions. This violated the FLSA minimum wage provisions and breached his agreement with Defendant." [Doc. 14, Para. 6].

9. Court Interrogatory No. 7 asked Plaintiff, "Provide an accounting of your claim, including: (a) dates, (b) regular hours worked, (c) over-time hours worked,

---

[2] It is noted that the second paper check for $71.50 is irrelevant to Plaintiff's claims because on February 3, 2022, Defendant had still paid Plaintiff at least the federal minimum wage for all hours worked during the pay period of January 10, 2022 to January 23, 2022 when Defendant mailed Plaintiff the check for $432.39. Even accounting for the fact that this amount paid was after withholdings, Defendant still paid Plaintiff above the federal minimum wage for each hour worked ($432.39 ÷ 56 = $7.72/hour).

(d) pay received versus pay claims, and (e) total amount claimed." Plaintiff answered, "Plaintiff is owed commissions in the amount of approximately $9,000 plus 3 weeks of his salary which he did not receive for the three weeks ending January 18, 2022 ($1,269). This does not include liquidated damages (45 hours per week x $7.25 x 3 weeks = $978.75), attorney's fees or costs of litigation. During this time, Plaintiff worked his usual schedule identified in response to interrogatory 3." [Doc. 14, Para. 7].

10. On June 25, 2022, counsel for Plaintiff and Defendant met for an in-person settlement conference in Ocala, Florida as required by the FLSA Scheduling Order. Despite the fact that Defendant had already paid Plaintiff more than all minimum wage to which he was entitled, Plaintiff and his counsel continued to prosecute Plaintiff's claim for alleged unpaid minimum wage and required Defendant to expend further attorney's fees in preparing for and participating in the settlement conference. At the settlement conference, Defendant's counsel again presented to Plaintiff's counsel all documentation proving that Plaintiff had been paid all minimum wage to which he was entitled. Despite this, Plaintiff's counsel still refused to resolve Plaintiff's FLSA claim and otherwise made no demand to settle the FLSA claim.

11. In subsequent correspondence with Plaintiff's counsel demanding the legal and factual basis for Plaintiff's FLSA claim (given that no such legal or factual basis existed and Plaintiff had still failed to provide one), on June 3, 2022, Plaintiff's counsel emailed that, "The lawsuit was filed 2/15 and **he did not receive the second check until after the lawsuit was filed. Your client has not paid any fees or costs in**

**connection with providing the second check, so that is the basis of the claim**." [Emphasis added]. A copy of such correspondence is attached hereto as Exhibit B and incorporated by reference as if set forth fully herein.

12. This June 3, 2022 email **was actually an admission as to the frivolousness of the FLSA claim**. First, despite what Plaintiff pled in his Complaint and despite what Plaintiff had stated in his sworn answers to the Court Interrogatories, Plaintiff's counsel admitted that Plaintiff's claim actually had nothing to do with unpaid minimum wage at all; rather, only attorney's fees and costs allegedly incurred in connection with the FLSA claim. Second, as detailed in footnote 1 above, Plaintiff's second check in the amount of $71.50 was wholly irrelevant to the issue of whether Plaintiff had been paid minimum wage, as Plaintiff had already been paid all minimum wage to which he was entitled before this second check was sent.

13. On June 3, 2022, in response to Plaintiff's counsel's email and admission, Defendant's counsel demanded that Plaintiff immediately dismiss his FLSA claim and alerted Plaintiff's counsel that Defendant would have no choice but to proceed with a motion for sanctions should Plaintiff not immediately dismiss his FLSA claim. Plaintiff, however, again refused to dismiss his FLSA claim.

14. On June 21, 2022, in accordance with Rules 5 and 11(c)(2) of the Federal Rules of Civil Procedure, Defendant served Plaintiff with, but did not file, a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. A true and correct copy of the transmittal email and motion are attached hereto as Exhibit C.

15. On June 29, 2022, Plaintiff finally agreed to dismiss his FLSA claim with prejudice pursuant to the Joint Stipulation for Dismissal. The Joint Stipulation was filed on July 12, 2022 [Doc. 21] – 21 days after Plaintiff had been served with the motion.

16. Plaintiff's claim for alleged unpaid minimum wage has **never had a legal or factual basis** and thus Plaintiff's filing and continued prosecution of Count I alleging a violation of the FLSA was frivolous, without merit, and in bad faith. Through elementary arithmetic and even the most limited of inquiry into Plaintiff's claim, Plaintiff could have and should have verified that he had already been paid all minimum wage that he was owed. As a result, Plaintiff should be ordered to pay all of Defendant's reasonable attorney's fees incurred in connection with defending against Count I of Plaintiff's Complaint.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

**Because Plaintiff's FLSA claim was filed and litigated in bad faith, Defendant should be awarded its reasonable attorney's fees and costs incurred in defending against the frivolous claim.**

While the FLSA explicitly provides a right of a prevailing plaintiff to recover his or her attorney's fees, the FLSA is silent with respect to the right of a prevailing defendant to recover its attorney's fees. A defendant may recover its attorney's fees under the FLSA only when the plaintiff or his counsel has acted in bad faith. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998) ("[T]he FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith."). Bad faith is a stringent standard to be applied and is

designed to make it difficult for a prevailing defendant to recover its attorney's fees, but it is not insurmountable. *Li v. Roger Holler Chevrolet Co.*, 6:19-CV-1249-GAP-EJK, 2021 WL 6550975, at *1 (M.D. Fla. Oct. 15, 2021), report and recommendation adopted, 6:19-CV-1249-GAP-EJK, 2021 WL 5769034 (M.D. Fla. Dec. 6, 2021).

Here, Plaintiff and his counsel knew or should have known that his minimum wage claims were baseless from the very outset of litigation. Prior to the filing of the Complaint, Plaintiff knew not only the number of hours that he had worked in the relevant pay periods but also the amount of compensation that he had already been paid by direct deposit and paper check. **Simple mathematical computations and a barebones, minimal inquiry would have confirmed that Defendant had already paid Plaintiff all minimum wage that he was owed.** It was incumbent upon Plaintiff and his counsel, prior to the filing of the Complaint, that reasonable inquiry be made into the nature of Plaintiff's claims to determine whether the claims were meritorious. However, it is impossible that any such inquiry was made here because if it had been, then Plaintiff and his counsel would not have proceeded with his FLSA claim. Alternatively, Plaintiff and his counsel conducted this minimal inquiry but proceeded with the FLSA claim anyways, knowing it was baseless. In either case, Plaintiff's egregious conduct is tantamount to bad faith in litigation, a waste of this Court's resources, and an unnecessary expenditure of Defendant's attorney's fees.

While Plaintiff's FLSA claim should have been stopped before it was ever started, Plaintiff then proceeded to unreasonably multiply these proceedings by continuing to fail in any effort to evaluate the merit of his claims and refusing to

dismiss his FLSA claim (despite all of the evidence proving it frivolous) only until Plaintiff was put under threat of sanction. Plaintiff was afforded multiple opportunities throughout the litigation to dismiss his claim without needlessly multiplying the proceedings. For instance, at such time that Plaintiff completed his sworn answers to the Court Interrogatories, Plaintiff should have determined that his claim was frivolous and moot. At such time that Defendant produced Plaintiff's paystubs, Plaintiff should have determined that his claim was frivolous and moot. At such time that Defendant's counsel and Plaintiff's counsel met for the settlement conference, wherein Defendant's counsel went through all the payroll records once more with Plaintiff's counsel, Plaintiff should have determined that his claim was frivolous and moot. After the settlement conference and upon repeated demand by Defendant that Plaintiff dismiss his FLSA claim because it was without merit, Plaintiff should have determined that his claim was frivolous and moot. Instead, Plaintiff delayed until only after he was served with a motion for sanctions to finally dismiss his claim. This is the very type of specious and dilatory type of behavior which rises to bad faith litigation so as to justify an award of attorney's fees to Defendant as the prevailing party. Plaintiff was afforded numerous opportunities to abandon his frivolous claim and reduce the attorney's fees to be incurred by Defendant but repeatedly failed to do so.

For these reasons, it is evident that Plaintiff initiated his claim in bad faith, perpetuated litigation of his claim in bad faith, and as a result, Defendant should be awarded its attorney's fees as the prevailing party on Count I of Plaintiff's Complaint.

**WHEREFORE**, Defendant respectfully requests that this Court enter an Order determining that Defendant is entitled to an award of attorney's fees incurred in connection with Count I of Plaintiff's Complaint, and ordering such evidentiary submissions and further proceedings as may be appropriate to establish the reasonableness of such an award in an amount certain, together with such other and further relief as may be available under the circumstances.

Respectfully submitted this 22nd day of July, 2022.

> /s/ Justin W. McConnell
> Jeffrey E. Mandel, Esq.
> Florida Bar No.: 613126
> Email: jmandel@fisherphillips.com
> Justin W. McConnell, Esq.
> Florida Bar No. 112631
> E-mail: jmcconnell@fisherphillips.com
> **FISHER & PHILLIPS LLP**
> 200 South Orange Avenue, Suite 1100
> Orlando, FL 32801
> Telephone: (407) 541-0861
> Facsimile: (407) 541-0887
> Counsel for Defendant

## **AMENDED LOCAL RULE 3.01(g) CERTIFICATION**

I, Justin W. McConnell, Counsel for Defendant, certify that on July 22, 2022, Matthew Birk advised via email that the Plaintiff opposes the Motion and the relief sought for herein.

> s/ Justin W. McConnell
> Justin W. McConnell

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following counsel for Plaintiff: Matthew W. Birk, Esq., The Law Office of Matthew Birk, LLC, 309 NE 1st Street, Gainesville, Florida 32601-5310, mbirk@gainesvilleemploymentlaw.com.

s/ Justin W. McConnell
Justin W. McConnell
