UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DALTON BISSEY,

    Plaintiff,

v.                                                Case No. 5:22-cv-00092-GAP-PRL

AG-PRO COMPANIES, LLC,

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION**

Defendant, AG-PRO COMPANIES, LLC, hereby files its Reply to the Response [Doc. 26] filed by Plaintiff, DALTON BISSEY, in Opposition to Defendant's Amended Motion to Determine Entitlement to Attorney's Fees and Incorporated Memorandum of Law [Doc. 25], and states as follows:

1. Plaintiff's Response first argues that hearsay, unauthenticated, and unsworn text messages somehow give merit to his otherwise frivolous FLSA claim. Putting aside that these messages should not be considered as evidence on the pending Motion, even if they are considered, the messages purport to reflect a conversation that occurred on January 27, 2022. Whatever Plaintiff allegedly interpreted that conversation to mean, any misconceptions regarding what payments Defendant made to Plaintiff would have been dispelled by the direct deposit on January 13, 2022 and Plaintiff's receipt of the February 3, 2022 check, which confirm that Plaintiff was paid any minimum wage he could have been owed prior to Plaintiff filing his Complaint.

2. On January 13, 2022, Defendant direct deposited the amount of $707.85 into Plaintiff's bank account for work performed in the pay period of December 27, 2021 to January 9, 2022. Plaintiff's Response does not dispute Plaintiff's receipt of this direct deposit or Plaintiff's knowledge of it before filing the Complaint. Thus, Plaintiff does not dispute that he knew or should have known that he was paid all minimum wage for the period of December 27, 2021 to January 9, 2022. Plaintiff made claim for this amount in the Complaint anyways by alleging that he was owed minimum wage for his last three weeks of work.

3. On February 3, 2022, Defendant mailed Check No. 6087 in the amount of $432.39. Plaintiff's Response claims that Plaintiff was "not aware at the time the lawsuit was filed that Defendant mailed a payroll check dated February 3, 2022." [Doc. 25, pg. 2]. But this allegation is unsworn and unsupported by any admissible testimonial evidence. There is no reason to believe – other than accepting the self-serving allegation in Plaintiff's Response to oppose an award of fees – that Plaintiff did not receive the February 3, 2022 check before the Complaint was filed.

4. Plaintiff's Response now argues that somehow Plaintiff was still owed for one day of work at the time he filed the Complaint (which blatantly contradicts the contention in his Complaint he had not been paid for three workweeks). But Plaintiff was paid vis-à-vis the February 3, 2022 for 56 hours, less a deduction for $71.50, less withholdings, prior to the Complaint being filed. The paystub issued to Plaintiff (the original of which Plaintiff appears to have filed in support of his Response at Doc. 26-3) evidences that the February 3, 2022 check was paid for 56 hours worked. As Plaintiff

had already been paid in full for the prior pay period via direct deposit, these 56 hours could only constitute 40 hours of work for the full workweek worked by Plaintiff from January 10 to January 16, 2022, and 16 hours for January 17 and January 18 (the last day worked by Plaintiff). The gross amount paid to Plaintiff for these hours, based upon his agreed-upon salary, was $592.30. Dividing this amount by 56 hours equals $10.57/hour, which exceeds minimum wage. The paystub further reflects a deduction of $71.50 for "AR" (Accounts Receivable)[1] and a withholding of taxes for $88.41, resulting in net pay of $432.39 – exactly the amount paid to Plaintiff via the February 3, 2022 check. Even dividing $432.39 by 56 hours still exceeds the minimum wage at $7.72/hour. If's Plaintiff's argument is that he pursued his claim on the basis of one day's worth of minimum wage that he contends was not paid, then Plaintiff has tacitly admitted he pursued a claim for three workweeks of damages that he did not have.

5.     No matter how Plaintiff tries to muddy the issue now, the direct deposit on January 13, 2022 and the February 3, 2022 check made Plaintiff whole for any minimum wage that he was entitled to in his last three workweeks. Thus, prior to the filing of the Complaint, Plaintiff's claim for unpaid minimum wage had no legal or factual basis. Plaintiff nevertheless filed his Complaint.

6.     Plaintiff's Response also does not address why it was not until after being served with a Motion for Sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 that

---

[1] Plaintiff attempts to make much out of Defendant's decision to later pay the AR it previously decided to withhold from the February 3, 2022 paycheck. But as indicated in Defendant's Amended Motion and herein, this second payment is wholly irrelevant to the fact that Defendant had already paid Plaintiff all minimum wage owed.

Plaintiff finally agreed to dismiss his FLSA claim.

7. Even assuming for purposes of argument that Plaintiff did not receive the February 3, 2022 check until after the Complaint was filed (which Defendant absolutely disputes), Plaintiff's Response is totally silent and not supported by any sworn testimony as to when Plaintiff did receive the check. Whenever Plaintiff received the February 3, 2022 check, if it was after the filing of the Complaint, Plaintiff should have dismissed his FLSA claim then, and not multiplied the proceedings further. Plaintiff perpetuated the litigation instead.

8. Moreover, pursuant to the Court's FLSA Scheduling Order, on April 25, 2022, Defendant produced to Plaintiff the pay records proving the payment of all minimum wage to Plaintiff, including the January 13, 2022 direct deposit and the February 3, 2022 check. It appears from Plaintiff's Response that Plaintiff's counsel admits that he did not review these records until the morning of May 25, 2022, just prior to the parties' settlement conference. [Doc. 26, pg. 3]. This too is evidence of Plaintiff's failure to conduct due diligence as to the merit of his claim, or evidence of Plaintiff's decision to prosecute a claim that he knew was frivolous. Upon receiving the payroll records coupled with the checks and payments that Plaintiff had already received, there is no reason why Plaintiff could not compute and confirm that he had been paid all minimum wage owed. But he did not.

9. It is critical to highlight that from April 25, 2022, when Defendant produced its records to Plaintiff, until Plaintiff's dismissal of his FLSA claim, that Defendant did not produce any further information to Plaintiff and there was

otherwise no substantive change regarding the facts at issue on Plaintiff's claim. As of April 25, 2022 and thereafter, Plaintiff had all of the information in his possession to confirm that he had, in fact, been paid all minimum wage owed.

10. Plaintiff still perpetuated the litigation further. On May 6, 2022, Plaintiff filed sworn answers to the Court's interrogatories where Plaintiff continued to allege that he was not paid minimum wage for his last three workweeks. [Doc. 14, Para. 7]. Plaintiff either: (i) intentionally misrepresented his claim despite having already received the direct deposit on January 13, 2022 and the February 3, 2022 check, and having had the relevant pay records in his possession since April 25, 2022, or (ii) Plaintiff undertook no effort prior to answering the interrogatories to evaluate his claim based on the pay and records received. The result, in either instance, was more unnecessary litigation.

11. Plaintiff alleges in his Response that the May 25, 2022 settlement conference was the first time that Defendant alleged Plaintiff had been paid all minimum wage due. This is simply not true – in Defendant's Answer and Defenses filed on April 4, 2022 [Doc. 12], Defendant denied Plaintiff's allegations of unpaid minimum wage and raised as Defense No. 2 that, "Plaintiff has received all of the compensation to which he was entitled under the FLSA". [Doc. 12, pg. 5]. At Defendant's first appearance in the litigation, therefore, Plaintiff knew or should have known that Defendant contended Plaintiff had been paid all wages owed.

12. On May 25, 2022, counsel for the parties met for the in-person settlement conference. While Plaintiff's counsel alleges that Defendant has mischaracterized

what transpired at this conference and thereafter (which Defendant rejects), the email documentation between Plaintiff's counsel and Defendant's counsel attached to Defendant's Motion speaks for itself as to the contemporaneous memorialization of what transpired at the settlement conference and subsequently. Importantly, Plaintiff did not agree to dismiss his FLSA claim at the settlement conference despite all the evidence establishing that Plaintiff's claim was frivolous. Further, after repeated emails to Plaintiff's counsel, Plaintiff then cast his FLSA claim as something else entirely – that Defendant "had not paid any fees or costs in connection with providing the second check." So again, Plaintiff continued to churn the litigation.

13. Ironically, Plaintiff's Response throws stones in a glass house, claiming it is Defendant who engaged in unnecessary litigation when it is Plaintiff who filed a Complaint in bad faith, then unnecessarily litigated it in bad faith. Defendant's counsel made numerous efforts to secure dismissal of the FLSA claim without resorting to further Motion practice. Only after Plaintiff's counsel outright ignored several of Defendant's counsel's emails [see Doc. 25-3] did Defendant draft and serve a Motion for Sanctions. Only then did Plaintiff's counsel finally respond on June 24, 2022 that Plaintiff agreed to dismiss his FLSA claim. While Plaintiff's counsel claims he was out of the country from July 3 to July 10, 2022, there is no explanation for why Plaintiff's counsel was unable to respond to Defendant's counsel's emails throughout June.

14. Defendant – and not Plaintiff – undertook the necessary efforts to secure a final and correct resolution of Plaintiff's frivolous FLSA claim. Defendant's efforts

were successful, Defendant is the prevailing party, and Defendant should be awarded its fees on such grounds as set forth in its Motion.

15. Plaintiff's Response opposes the entry of fees pursuant to 28 U.S.C. § 1927. While Defendant does not oppose the entry of fees on such grounds should the Court deem them appropriate, Defendant is only presently seeking fees as the prevailing party on Plaintiff's FLSA claim pursuant to the relevant authority cited in its Amended Motion.

Respectfully submitted this 11th day of August, 2022.

/s/ Justin W. McConnell
Jeffrey E. Mandel, Esq.
Florida Bar No.: 613126
Email: jmandel@fisherphillips.com
Justin W. McConnell, Esq.
Florida Bar No.: 112631
E-mail: jmcconnell@fisherphillips.com
**FISHER & PHILLIPS LLP**
200 South Orange Avenue, Suite 1100
Orlando, FL 32801
Telephone: (407) 541-0861
Facsimile: (407) 541-0887
Counsel for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following counsel for Plaintiff: Matthew W. Birk, Esq., The Law Office of Matthew Birk, LLC, 309 NE 1st Street, Gainesville, Florida 32601-5310, mbirk@gainesvilleemploymentlaw.com.

s/ Justin W. McConnell
Justin W. McConnell