UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DALTON BISSEY,**

    **Plaintiff,**

**v.**                                                    **Case No: 5:22-cv-92-GAP-PRL**

**AG-PRO COMPANIES, LLC,**

    **Defendant.**

## ORDER

Upon referral, this case is before the Court for consideration of Defendant's amended motion to determine entitlement to attorney's fees, to which Plaintiff has responded. (Docs. 25 & 26). Defendant also filed a reply brief. (Doc. 29). Upon review of the record, Defendant's motion is due to be denied as premature and procedurally deficient, as well as because Defendant has not demonstrated that Plaintiff litigated in bad faith.

**I.**      **Background**

This case arises out of Plaintiff's former employment as a salesman for Defendant. Plaintiff worked for Defendant from September 2019 until his termination in January 2022. During his employment, Plaintiff was paid a salary of $22,000 per year, plus commissions. As Plaintiff explains, Defendant terminated Plaintiff's employment because he sold a stump grinder to a purchaser who used a fraudulent credit card. Plaintiff contends that following his termination, he had a text message exchange with Defendant's representative on January 27, 2022, and asked "When am I getting my salary checks and both my commission checks?" Defendant's representative responded, "Usually withheld 30 days for monies owned or due to company." Plaintiff contends that Defendant's representative told him that he owed

Defendant $10,892.16, and stated, "[m]onies owed are withheld." Plaintiff asserts that, "[b]ased on this exchange, Plaintiff understandably thought that Defendant intended to withhold not only his commission checks, but also his salary." (Doc. 26 at 2, Doc 26-1).

On February 15, 2022, Plaintiff initiated this case by filing a complaint with two counts. In Count I, Plaintiff alleges a claim for violation of the Fair Labor Standards Act ("FLSA") for failure to pay Plaintiff for his final three weeks of work. Count II alleges a breach of contract claim for failure to pay Plaintiff his salary and commissions. (Doc. 1). The case proceeded pursuant to the Court's FLSA Scheduling Order. (Doc. 10). On April 4, 2022, Defendant filed its answer including a counterclaim for negligence alleging that Plaintiff owes Defendant $14,280 for breaching his duty of care and allowing the fraudulent credit card transaction.

On May 25, 2022, the parties conducted a settlement conference. On June 21, 2022, Defendant served Plaintiff with (but did not file) a proposed motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. On June 29, 2022, Plaintiff agreed to dismiss the FLSA claim. While each side characterizes the substance of the settlement conference and the intervening communications somewhat differently, it is undisputed that, on July 12, 2022, the parties filed their case management report and Plaintiff filed a stipulation of dismissal as to Count I of the complaint (the FLSA claim). (Doc. 21). On July 13, 2022, the Court entered an Order of Dismissal as to Count I and withheld directing the entry of judgment as is consistent with Rule 54(b) of the Federal Rules of Civil Procedure. The parties apparently intended the case to proceed on the claim for breach of contract alleged in Count II, as well as Defendant's counterclaim.

On July 21 and 22, 2022, Defendant filed its motion and amended motion to determine entitlement to attorney's fees. To summarize, Defendant argues that it should be awarded its attorney's fees as the prevailing party on Count I of Plaintiff's Complaint. Defendant contends that Plaintiff's claim was frivolous and moot, and that pursing the claim amounts to bad faith litigation justifying an award of attorney's fees. Defendant argues, "Plaintiff initiated . . . . [and] perpetuated the litigation of his FLSA claim in bad faith." (Doc. 25 at 2). Plaintiff contends that the action was justified, and that he agreed to dismiss the FLSA claim upon learning that Defendant claimed he was paid his salary.

## II.   Discussion

While both parties have briefed their positions regarding the merits of Plaintiff's claim and entitlement to attorney's fees, neither party has addressed the threshold question of whether it is appropriate for the Court to determine entitlement to attorney's fees as the prevailing party at this phase of the litigation. For the reasons explained below, the undersigned finds that the issue is premature at this time.

Defendant purports to bring its motion for entitlement to attorney's fees under Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 7.01(b). Local Rule 7.01(b) sets forth the procedure for bringing a motion for attorney's fees within 14 days "after entry of judgment." Likewise, Rule 54(d)(2)(B) also contemplates a motion for attorney's fees within 14 days "after the entry of judgment." The prerequisite of a judgment is consistent with Rule 54's policy of avoiding piecemeal litigation. As previously noted, judgment has not been entered as to Count I or as to any other claim at this time.

Indeed, the wisdom of Local Rule 7.01 is apparent when applied to this case. Having succeeded in persuading Plaintiff to dismiss his FLSA claim, Defendant now asks the Court

to declare that the claim was filed and litigated in bad faith. Defendant's argument, however, is somewhat belied by the fact that Count II was not dismissed. As is apparent from the parties' briefs, Plaintiff's compensation involved a combination of both salary and commission. At a minimum, it appears there was some confusion (at least on Plaintiff's part) regarding what categories of pay were represented in the payments Plaintiff did receive post-termination, as well as whether Defendant intended to or did withhold either salary or commission due to money Plaintiff allegedly owed. Further, Defendant's counterclaim for negligence demonstrates that the parties remain in disagreement regarding whether Plaintiff owes Defendant money for allegedly negligently facilitating the fraudulent credit card purchase. In other words, dismissal of Count I only resolved a portion of the case. Given the pendency of Count II for breach of contract, as well as Defendant's counterclaim for negligence, the possibility exists for multiple future rounds of motions seeking entitlement for attorney's fees, a possibility that runs counter to the interests of fairness, judicial economy, and efficiency.

Notably, aside from reliance on Rule 54(d) and Local Rule 7.01, Defendant cites only two cases as legal authority, and neither suggests that a determination of entitlement to attorney's fees is appropriate at the current stage of litigation in the instant case. For example, in *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1438 (11th Cir. 1998), the Eleventh Circuit vacated an award of attorney's fees following summary judgment in an FLSA case and remanded the case for the district court to consider bad faith and "to substantiate its determination with appropriate findings." In *Li v. Roger Holler Chevrolet Co.*, No. 6:19-CV-1249-GAP-EJK, 2021 WL 6550975, at *5 (M.D. Fla. Oct. 15, 2021), *report and recommendation adopted*, No. 6:19-CV-1249-GAP-EJK, 2021 WL 5769034 (M.D. Fla. Dec. 6, 2021), the Court

granted in part Defendant's motion seeking entitlement to attorney's fees under the FLSA and Florida Whistleblower Act following the entry of judgment on a finding that the plaintiff did not oppose an award of fees under the FLSA and admitted under oath that his FLSA claim had no basis.

Further, Defendant's motion is procedurally deficient in failing to comply with Local Rule 7.01. Local Rule 7.01(b) requires a statement of the amount sought or a fair estimate of the amount sought. This is not a mere formality, but a requirement that aids both the parties (and the Court) in narrowing and resolving the issues. As it stands, Defendant has failed to provide such a statement or estimate.

Finally, the Court notes that, even if Defendant's motion was timely, based on the record currently before the Court it would be due to be denied because of Defendant's failure to demonstrate bad faith. Defendants may recover their fees under the FLSA only when the plaintiff or plaintiff's counsel has acted in bad faith. *Turlington,* 135 F.3d at 1437 ("[T]he FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith."); *see also Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 932–33 (11th Cir. 2013) (per curiam) (unpublished) (affirming denial of award of attorney's fees to defendant because the district court found no bad faith on the plaintiff's part). When assessing whether a party has acted in bad faith, the court focuses on the party's conduct and motive preceding and during litigation instead of the claim's validity. *Kreager v. Solomon & Flanagan*, 775 F.2d 1541, 1543 (11th Cir. 1985) (citing *Rothenberg v. Sec. Mgmt. Co., Inc.*, 736 F.2d 1470, 1472 (11th Cir. 1984)). "Bad faith is a stringent standard that makes it difficult for a defendant to prevail." *Ellis v. All of My Sons Moving Storage of Orlando, Inc.*, No. 6:07-CV-

2017-ORL-19DAB, 2009 WL 2496626, at *2 (M.D. Fla. Aug. 12, 2009) (citing *Murray v. Playmaker Servs.*, LLC, 548 F. Supp. 2d 1378, 1382 (S.D. Fla. 2008)).

Plaintiff's position in this case and apparent motive is readily distinguishable from that of the plaintiff in the case relied upon by Defendant, *Li v. Roger Holler Chevrolet Co.*, 2021 WL 6550975, at *5. In that case, the plaintiff admitted under oath that he knew his claim was baseless and did not oppose an award of attorney fees. Here, Plaintiff opposes the award of attorney's fees, contends that he understandably believed Defendant intended to withhold both his commission and salary, offers plausible evidence in the form of text messages from Defendant's representative in support of his belief that his pay had been withheld, contends that he agreed to dismiss the FLSA claim when he learned that he was paid for all hours worked, and actually did dismiss his FLSA claim. Plaintiff agreed to dismiss his FLSA claim on June 29, 2022, approximately nine days after being served with Defendant's draft motion for sanctions, and approximately 35 days after the parties' settlement conference.

Although Defendant characterizes Plaintiff's behavior as dilatory and in bad faith, Plaintiff responds that Defendant needlessly over-litigated what was a relatively modest FLSA claim. Plaintiff contends, "[i]n short, Defendant has over-litigated [sic] its FLSA defense while ignoring its failure to pay Plaintiff the commissions he earned." (Doc. 26 at 6). The Court is obliged to focus on the party's conduct and the motive preceding and during litigation instead of on the validity of the claim. *See Kreager*, 775 F.2d at 1543. Plaintiff plausibly contends that his motive was recovering pay and commissions withheld by Defendant, and that his belief that Defendant was withholding pay and commissions was

understandable due to communications from Defendant's representative.[1] Moreover, within a reasonable amount of time following negotiations with Defendant's counsel, Plaintiff agreed to the dismissal of his FLSA claim. Given the circumstances presented in this case, the undersigned finds that Defendant has not demonstrated that Plaintiff litigated in bad faith.

### III.    Conclusion

For the reasons stated above, including that Defendant's motion to determine entitlement to attorney's fees is both premature and procedurally deficient, and that Defendant has not demonstrated that Plaintiff litigated in bad faith, Defendant's motion (Doc. 25) is DENIED.

**DONE** and **ORDERED** in Ocala, Florida on September 12, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Defendant's attempt to dismiss the text messages relied upon by Plaintiff as "hearsay, unauthenticated, and unsworn text messages," is unpersuasive. (Doc. 29 at 1). Plaintiff relies on the text message exchange with Defendant's representative not to prove the truth of the matters asserted in the messages, but to explain that there was a good faith basis for his belief that his pay and commission was being withheld when he initiated this litigation.